MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>   )<br>     Plaintiff,    )<br>   )<br>  v.    )<br>   )<br>MARIO ALVARO CARDENAS,    )<br>   )<br>     Defendant.    )<br>_____) | No. CR 11-0831 JSW<br><br>[PROPOSED] ORDER ON THE UNITED STATES' MOTION FOR REVIEW OF RELEASE ORDER |

**INTRODUCTION**

     This case comes before the Court on the United States' motion for review of the Magistrate Judge's March 16, 2012, Order releasing Defendant Mario Alvares Cardenas on bond pending trial in this matter. The Court has reviewed the parties' submissions, heard the parties' arguments, and reviewed the Magistrate Judge's Order. For the reasons stated below and orally at its March 22, 2012, hearing, the Court GRANTS the United States' motion and orders Cardenas detained. The Court finds that the United States has met its burden of proving that no condition or combination of conditions will reasonably assure either Cardenas' appearance in Court as required, or the safety of the community.

**PROCEDURAL HISTORY**

Defendant Mario Alvaro Cardenas is charged in a one-count Indictment with transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1).  He has been in custody since his November 14, 2011, initial appearance in the Central District of California.  On Thursday, March 15, 2012, the Magistrate Judge held a detention hearing and heard both parties' proffers regarding whether any combination of release conditions could reasonably assure Cardenas' appearance at trial and the safety of the community.  After this hearing, the Magistrate Judge ordered Cardenas released once his sureties could post bond, and under conditions specified in his Order and, for the most part, required by the Adam Walsh Act at 18 U.S.C. § 3142(c)(1).  The United States moved for review of the Magistrate Judge's Order pursuant to 18 U.S.C. § 3145(a)(1), and that Order was stayed pending this Court's review.

The Court ordered a briefing schedule and heard the matter on March 22, 2012.

**REASONS FOR DECISION**

**I.   APPLICABLE STANDARD OF REVIEW AND BURDEN OF PROOF.**

This Court's review of a magistrate judge's release order is governed by 18 U.S.C. § 3145(a)(1), which provides in pertinent part that:

> If a person is ordered released by a magistrate judge, . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . .

In reviewing a magistrate judge's detention order, the district court makes its own independent determination of whether the magistrate judge's decision was correct, with no deference to the magistrate judge's findings or conclusions.  *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).  In conducting this *de novo* review, the district court may but need not hold an evidentiary hearing.  *Id.*

In a motion for pretrial detention under the Bail Reform Act, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community.  *United States v. Motamedi*, 767 F.2d 1403, 1406–07 (9th Cir. 1985).  The statute lists factors that may

be considered in this context, such as: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

In the case of a prosecution under 18 U.S.C. § 2252(a)(1), for transportation of child pornography, the Bail Reform Act raises a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.  18 U.S.C. § 3142(e)(3)(E).

The government may proceed at a detention hearing by proffer or hearsay and the defendant has no right to cross-examine adverse witnesses who have not been called to testify. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986).

## II.   DANGER TO THE COMMUNITY.

The United States proffered that Cardenas sexually molested his own stepdaughter over a period of approximately eight years, beginning when she was eight years old and continuing until she was 16.  USA Motn. at 4.  Sometimes Cardenas would not let his stepdaughter leave the house unless she first allowed him to touch her breasts or vagina.  *Id*.  He would threaten to harm her biological father if she ever told anyone about the abuse.  *Id*.  Cardenas' stepdaughter eventually told her mother about the sexual abuse, but both of them were too afraid of Cardenas to confront him.  *Id*.  They lived in Nicaragua at the time, and feared Cardenas' police connections.  *Id*.  Later, when they moved with Cardenas to the United States, they were still afraid to confront him about the sexual abuse because they depended upon him for their legal residence here.  *Id*.

In January, 2011, Cardenas finally left his ex-wife and stepdaughter, and shortly thereafter, returned to Nicaragua.  *Id*.  He sent numerous text messages to his stepdaughter that January, taunting her about his previous sexual abuse of her, suggesting that she enjoyed it, that if she complained she could return her "green card" to him, and that he would return and molest

her further. *Id*. at 4-5.  A sampling of these text messages – all sent in January, 2011 – follows:

> Your mom left me only because I fucked you good, I don't regret it, and you know you liked it.

> You're just like your mom, rare shitheads . . . don't you remember when I would touch you and you would sigh with joy?

> Fine send me your residency card now that you are acting like a huge shithead, and your mom, ok well I would fuck her every day, but you . . . only two times.  Return the card stupid.

> Goodbye . . . Slut

> Ask her [the stepdaughter's mother] how long she has to know that I take pictures of you naked and that I've looked at you naked in the bathroom. . . She knew everything, when, how and what time I would film you and take your pictures. . .

> . . . you don't have the balls, just a vagina . . . and wash it well because I sucked it, and I am going to teach you so you can learn for Alex . . .

*Id*.  Included among these text messages was a photograph that Cardenas took of his stepdaughter's vagina when she was approximately 12 or 13 years old.  *Id*.

The United States proffered that Cardenas has a pending criminal case in Nicaragua alleging that he battered a woman in April, 2009.  *Id*. at 5.  He apparently hit her in the head with a club or stick.  *Id*.  The United States' submission included photographs of the injury that Cardenas is alleged to have caused.  *Id*., Exhibit 1.

In response to this proffer, Cardenas proffered that the alleged victim involved in the criminal case in Nicaragua had broken into a house in which Cardenas was staying, and that he struck her in self defense.  Cardenas Opp. at 2.  Cardenas did not dispute that the incident took place, but proffered that the charged crime was minor, and may be resolved with "something similar to a civil compromise."  *Id*.  Cardenas did not address the United States' allegations involving his stepdaughter.

Cardenas proffered that he has the complete support of family members, including his daughter, an ex-wife, his aunt, and some other family members who wrote letters supporting Cardenas' release.  *Id*. and Attachments.  For purposes of clarification, the Court notes that the daughter and ex-wife who support Cardenas' release are not the same individuals as the

stepdaughter and ex-wife described in the United States' proffer.  The United States proffered that the alleged victim in this case was out of the country during the hearings in this Court and the Magistrate Court, and could not be reached for her position regarding Cardenas' release.

The Court finds, based on the United States' proffer concerning Cardenas' long-term sexual abuse of his stepdaughter, his later taunts concerning that abuse sent via text message, and his previous threats to her to keep silent, and based on Cardenas' pending case in Nicaragua involving a violent attack on a woman, that the United States has met its burden of proving by clear and convincing evidence that no combination of conditions of release will guarantee the safety of the community if Cardenas is not detained.  Cardenas did not contest the United States' proffers regarding the sexual abuse allegation, and did not contest the fact that Cardenas struck a woman in the head in Nicaragua, causing her injury (although Cardenas did claim that his conduct in this particular case was justified).  For the reasons stated above, the Court finds that Cardenas should be detained as a danger to the community.

## III.   RISK OF FLIGHT.

The United States proffered, without dispute, that Cardenas is a native of Nicaragua who resides in Costa Rica.  Cardenas is also a naturalized U.S. citizen, but spent most of the year preceding his arrest in Costa Rica, where has started a business with a family member.

Cardenas was arrested on the pending charge during a several-week-long trip to the United States.  He has proffered that he would stay in his 80-year-old aunt's home in Carson, California, if released on bond, and that he would be subject to electronic monitoring.  Carson is in the Central District of California, in Los Angeles County.

At the motion hearing, the Court asked the Pre-Trial Services representative, Supervisory PSO Allen Lew, about the protocol for response to an alert from an electronic monitoring system in the Central District of California.  Lew proffered that a Pre-Trial Services officer in that district would typically receive notice, via pager, about five to ten minutes after an electronic monitoring violation took place.  The officer might then spend ten to twenty minutes calling the defendant and others to determine if the alert was an actual violation, or a system malfunction or innocent mistake on the defendant's part.  The officer in the Central District would then notify a

counterpart in this District's Pre-Trial Services Office, who would notify the Court and ask for an arrest warrant.  That warrant would then be forwarded to the Marshals Service for entry into their national warrant database.

The Court finds that although Cardenas has family ties to the United States, he has strong ties to Costa Rica as his residence and place of employment, and ties to Nicaragua as a former residence and his native country.  He does not have ties to this District, although he has close relatives in the Central District of California.  Cardenas did not intend to stay in the United States during the trip that resulted in his arrest, and the heavy potential penalty associated with the charge in this case gives him a strong incentive to flee.  As described above, an electronic monitoring system in the Central District of California would not provide a sufficient means of preventing him from leaving the jurisdiction, or the United States, if he so chose.  The Court therefore finds that the United States has met its burden of proving, by a preponderance of the evidence, that no combination of conditions will reasonably assure Cardenas appearance as required for further proceedings in this case.

### CONCLUSION

For the foregoing reasons, the Court grants the United States' motion for review of the Magistrate Judge's release order, and holds that Cardenas should be detained pending the resolution of this matter.

SO ORDERED.

DATED:  March 26, 2012

_____
HON. JEFFREY S. WHITE
United States District Judge